# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED C. LOLLIS, and ROSEMARY A. LOLLIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 15-CV-253-TCK-FHM ) |
| JOYCE PORTER, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant Joyce Porter's Motion to Dismiss and Brief in Support (Doc. 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Fred C. Lollis and Rosemary A. Lollis ("Plaintiffs") have not responded to Defendant's motion. Plaintiffs, proceeding pro se, initiated this case against Defendant, who is alleged to be a supervisor at Child Protective Services ("CPS"). Plaintiffs appear to allege that their children were improperly taken into custody by CPS. Plaintiffs allege Defendant failed "to produce court order," has not "proven allegation [supporting removal of children from home] is true," and failed "to protect [their] kids from harm." (Doc. 1 at 1-2.)

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform

"vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has an obligation to consider whether subject-matter jurisdiction exists, even if the parties have not raised the issue. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Plaintiffs assert that this Court has jurisdiction pursuant to 42 U.S.C. § 1983. That statute does not provide an independent basis for subject-matter jurisdiction. However, Plaintiffs could be alleging a claim for violation of their federal constitutional rights which could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law. *Collins v. Cnty. of Johnson, Kan.*, 2001 WL 950259, at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm'n*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiffs allegations do not support a finding that Defendant violated their constitutional rights. While Plaintiffs have generally alleged violations civil and constitutional rights, the facts that they have alleged in their Complaint do not state a colorable claim under Section 1983. Specifically, the Complaint does not identify how Defendant failed to protect Plaintiffs' children,

how Defendant was involved in a conspiracy, or how Defendant "kidnapped" Plaintiffs' children. Accordingly, Plaintiffs have not alleged a colorable federal claim against Defendants, and the Court lacks subject matter jurisdiction over this case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law).

**IT IS THEREFORE ORDERED** that Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. Defendant's Motion to Dismiss (Doc. 7) is denied as moot.

**SO ORDERED this 29th day of September, 2015.**

**TERENCE KERN**
**United States District Judge**